IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ELIZABETH L. HATOS                                                                                  PLAINTIFF

vs.                                            Civil No. 4:07-cv-04076

MICHAEL J. ASTRUE                                                                                DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Elizabeth L. Hatos ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 2).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed applications for DIB and SSI on October 17, 2003.[2] (Tr. 64-66, 77). In this application and in the supporting documents filed with the SSA, Plaintiff alleged she was disabled due to several different impairments, including bipolar disorder, depression, and a left arm

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

[2] Five years earlier, Plaintiff filed applications for DIB and SSI, alleging a disability onset date of April 3, 1998. (Tr. 61-63). These prior applications are not presently before this Court.

1

injury. (Tr. 15, 133). Plaintiff alleged an onset date of January 1, 2003. (Tr. 64). These applications were initially denied on June 10, 2004 and were denied again on reconsideration on January 4, 2005. (Tr. 34, 468-480).

On March 18, 2005, Plaintiff requested an administrative hearing on her applications. (Tr. 50-51). The hearing was held on March 29, 2006 in Texarkana and Little Rock, Arkansas (*via* video teleconferencing). (Tr. 481-517). Plaintiff was present and was represented by counsel, Charles Barnette, at this hearing. *See id.* Plaintiff, Plaintiff's husband (Jeffrey Hatos), Plaintiff's friend (Brittany Morris), and Vocational Expert ("VE") Dianne Smith testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-four (44) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had received her GED. (Tr. 484-485). Plaintiff also had received some college credit but had not obtained her degree. *See id.*

On August 14, 2006, the ALJ entered an unfavorable decision denying Plaintiff's request for DIB and SSI. (Tr. 11-20). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through March 31, 2005. (Tr. 13, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2003, her alleged onset date. (Tr. 13, Finding 2). The ALJ determined Plaintiff had the following severe impairments: bipolar disorder, borderline personality disorder, hyperparathyroidism[3]; and was status post left arm fractures (soft tissue injury to the left upper extremity). (Tr. 13, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments Appendix 1 to Subpart P of Regulations No.

---

[3] "Hyperparathyroidism" is defined as a "condition due to an increase in the secretion of the parathyroids, causing elevated serum calcium, decreased serum phosphorus, and increased excretion of both calcium and phosphorus, calcium stones, and sometimes generalized osteitis fibrosa cystica." *PDR Medical Dictionary* 924 (3rd ed. 2006).

4 ("Listings").  (Tr. 13, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC").  (Tr. 14-18, Finding 5).  At the administrative hearing, Plaintiff testified that she could not lift anything above five pounds with her left arm, could not grip anything with her left hand, suffered from panic attacks, would lose track of time, had severe mood swings, had problems with concentration, suffered from dizziness as a side effect of her medication, suffered from blurred vision as a side effect of her medication, had problems with her concentration and memory, but had no restrictions on her ability to stand or walk or stoop or bend.  (Tr. 489-499).

The ALJ evaluated Plaintiff's subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). (Tr. 14-18).  After reviewing these factors, the ALJ discounted Plaintiff's subjective complaints of disabling pain and other symptoms, based upon several findings, including the following: (1) the medical findings were not consistent with the disabling level of limitation alleged by Plaintiff; (2) most of Plaintiff's mental health medical records from Southwest Arkansas Counseling and Mental Health Center focused on "partner relationship problems," not her mental impairments; (3) Plaintiff's medical records did not support her claimed restrictions in her right upper extremity; and (4) Plaintiff had extensive daily activities, including "cleaning her house, preparing meals, taking care of her personal needs, faxing resumes to potential employers, shopping with her husband, doing laundry and dishes, and attending church," which were inconsistent with the disabilities she had claimed. (Tr. 14-18).

After discounting Plaintiff's subjective complaints, the ALJ the reviewed all the medical evidence and the hearing testimony and determined Plaintiff's RFC.  (Tr. 14-18, Finding 5).

Specifically, the ALJ determined Plaintiff retained the RFC for a wide range of sedentary work:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry up to 10 to 15 pounds occasionally; stand and walk for six hours in an eight hour work period, two hours without interruption; sit for a total of six hours in an eight hour work period, two hours without interruption; occasionally climb, balance, stoop, kneel; never crouch or crawl; push/pull 10 to 15 pounds; no significant impairment in the ability to see, hear, or speak; no impairment in the ability to reach, handle, and feel with the right hand; left hand and arm are limited to use an assistive device; no exposure to heights or moving machinery; fair ability to follow work rules; fair ability to relate to coworkers; fair ability to deal with the public; fair ability to use judgment; fair ability to interact with supervisors; fair ability to deal with stresses; fair ability to function independently; fair ability to maintain attention/concentration; poor ability to understand, remember, and carry out complex job instructions; fair ability to understand, remember, and carry out detailed but not complex job instructions; good ability to understand, remember, and carry out simple job instructions; fair ability to maintain personal appearance; fair ability to behave in an emotionally stable manner; fair ability to relate predictably in social situations; and fair ability to demonstrate reliability.

(Tr. 14, Finding 5).  *See* 20 C.F.R. § 416.967(a).

The ALJ then determined that Plaintiff was able to perform her Past Relevant Work ("PRW").[4]  (Tr. 18, Finding 6).  Plaintiff and the VE testified at the administrative hearing regarding this issue.  (Tr. 485-512).  Plaintiff and the VE testified that Plaintiff's PRW included work as a clerk/receptionist (semiskilled, sedentary work), sewing machine operator (semiskilled, light work), production line worker (unskilled, light work), and mental retardation aid (skilled, medium work).  (Tr. 511).  The VE testified that a hypothetical person with Plaintiff's RFC could return to Plaintiff's PRW as a receptionist.  (Tr. 512).  Based upon this, and the ALJ's other findings, the ALJ determined that Plaintiff had not been under a "disability," as defined by the Act, from January 1,

---

[4] The ALJ also found that Plaintiff could perform other work existing in significant numbers in the national economy.  However, since the ALJ found that Plaintiff retained the ability to perform her PRW, the ALJ was not required to proceed to Step Five  (Tr. 18-19, Finding 9).  Because the ALJ's "other work" (Step Five) finding was not necessary to this disability determination, this finding will not be addressed.

2003 through the date of the ALJ's decision. (Tr. 19, Finding 10).

On August 17, 2006, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 7). *See* 20 C.F.R. § 404.984(b)(2). The Appeals Council declined to review the decision of the ALJ. On August 10, 2007, Plaintiff appealed the ALJ's decision to this Court. (Doc. No. 1). The parties consented to the jurisdiction of this Court on August 20, 2007. (Doc. No. 2). The case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*,

5

160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal, broadly claiming the following: (A) the ALJ's RFC determination is not supported by substantial evidence; (B) the ALJ's Step Four determination is not supported by substantial evidence; (C) the ALJ's Step Five determination is not supported by

substantial evidence; and (D) the ALJ's disability determination is not supported by substantial evidence. (Doc. No. 5, Pages 1-6). In response, Defendant argues that the ALJ's disability determination is supported by substantial evidence. (Doc. No. 6, Pages 2-19). Specifically, Defendant claims that Plaintiff's RFC determination is supported by the findings of several physicians, including the findings of Dr. Singh, Plaintiff's treating physicians, Dr. Mathis, Dr. Abbott, Dr. Allawala, Dr. Luu, and the state agency medical consultants. *See id.* Defendant argues that the ALJ's credibility determination is supported by substantial evidence, including the ALJ's findings regarding Plaintiff's daily activities. *See id.* Finally, Defendant argues that the ALJ's Step Four determination is supported by substantial evidence, and the ALJ properly relied upon the VE's testimony in response to his hypothetical questions. *See id.* Because the ALJ was not required to proceed to Step Five in his determination and because Plaintiff's final argument (D) is too vague to be addressed, this Court will only address Plaintiff's first and second arguments.

### A. ALJ's RFC Determination

In her appeal brief, Plaintiff broadly argues that the ALJ erred in evaluating her RFC. (Doc. No. 5, Pages 1-6). In response to Plaintiff's argument, Defendant claims that Plaintiff's "bare assertion of error is insufficient to raise legal error on the part of the Commissioner" and should not be addressed by this Court. (Doc. No. 6, Pages 5-16). Defendant, however, also argues that even if this issue should be addressed by this Court, the ALJ's credibility, physical RFC, and mental RFC determinations are supported by substantial evidence in the record. *See id.*

#### 1. Credibility Determination

In evaluating a claimant's RFC, the ALJ is required to assess a claimant's credibility. Specifically, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,*

7

739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[5] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.

---

[5] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

*See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ evaluated Plaintiff's subjective complaints pursuant to *Polaski* and noted several inconsistencies between Plaintiff's subjective complaints and the record. Specifically, the ALJ noted the following inconsistencies: (1) the medical findings were not consistent with the disabling limitations alleged by Plaintiff; (2) most of Plaintiff's mental health medical records from Southwest Arkansas Counseling and Mental Health Center focused on "partner relationship problems," not Plaintiff's mental impairments; (3) Plaintiff's medical records did not support her claimed restrictions in her right upper extremity; and (4) Plaintiff had extensive daily activities, including "cleaning her house, preparing meals, taking care of her personal needs, faxing resumes to potential employers, shopping with her husband, doing laundry and dishes, and attending church," which were inconsistent with the disabilities she has claimed. (Tr. 14-18). These are valid reasons for discounting Plaintiff's subjective complaints and are sufficient to meet the requirements of *Polaski. See Baker,* 159 F.3d at 1144. Accordingly, the ALJ's credibility determination is entitled to deference and should be affirmed.

### 2. ALJ's Physical RFC Determination

After conducting his credibility analysis and discounting Plaintiff's subjective complaints, the ALJ then determined Plaintiff's RFC. Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's

9

own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)).  The plaintiff has the burden of producing documents to support his or her claimed RFC.  *See Cox,* 160 F.3d at 1206;  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring that there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports its RFC determination.  *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001).  Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In the present action, the ALJ determined that Plaintiff suffered from the severe impairments of bipolar disorder, borderline personality disorder, hyperparathyroidism, and was status post left arm fractures (a soft tissue injury to her left upper extremity).  (Tr. 13, Finding 3).  As noted above, the ALJ found that these impairments resulted in several limitations on Plaintiff's RFC.  (Tr. 14, Finding 5).  However, not all of the ALJ's findings regarding these limitations are in dispute. According to Plaintiff's testimony at the administrative hearing, Plaintiff only disputes the ALJ's RFC findings regarding (1) her lifting limitations and (2) her mental limitations.  (Tr. 498-499) (when asked, "Q:  All right.  If we could fix the mental problems and fix that left arm, would you be able to work? A:  If it could be fixed, you bet, yes, sir").  Therefore, this Court will only address these two issues.

First, the ALJ determined that Plaintiff had the "residual functional capacity to lift and carry up to *10 to 15 pounds* occasionally."  (Tr. 14, Finding 5).  (emphasis added).  At the administrative hearing, Plaintiff claimed that she was only able to lift five pounds with her left arm.  (Tr. 489).

10

Specifically, Plaintiff claimed that she was "*not supposed* to lift over anything over five pounds." *See id.* (emphasis added). Plaintiff did not indicate at the hearing which doctor placed this restriction on her lifting, and in her appeal brief, she did not reference any medical records supporting this claimed limitation. (Doc. No. 5).

Plaintiff's medical records do not establish that she suffers from a five-pound lifting limitation. On April 14, 2004, Dr. Jagvinder Singh, M.D. examined Plaintiff during a "comprehensive internal medicine evaluation." (Tr. 210-213). Dr. Singh found Plaintiff would be able to occasionally lift and carry twenty pounds and frequently lift and carry ten pounds. *See id.* On June 4, 2004, two state agency reviewing physicians also found that Plaintiff could lift and carry twenty pounds occasionally and ten pounds frequently. (Tr. 314-323). After reviewing the transcript, this Court finds no other medical records indicating that Plaintiff suffers from a lifting limitation that is as severe as she claims. Plaintiff has the burden of establishing her claimed limitations on her RFC. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). Because Plaintiff has not met this burden and because this Court finds the ALJ's RFC determination regarding Plaintiff's lifting limitations is otherwise support by substantial evidence, this Court affirms the ALJ's determination.

### 3. ALJ's Mental RFC Determination

Second, Plaintiff claims the ALJ erred in evaluating her mental RFC. At the administrative hearing, Plaintiff claimed she suffers from obsessive-compulsive disorder (OCD), anxiety, panic attacks, borderline personality disorder, and acute schizophrenia. (Tr. 491). She claims that as a result of these impairments, she loses track of time, suffers from panic attacks on a daily basis, has problems dealing with stress, suffers from mood swings, has problems with concentration, suffers from "mania and depression cycles every day," and has trouble sleeping. (Tr. 491-499). At the

administrative hearing and in her appeal brief, however, Plaintiff did not explain how her claimed limitations were inconsistent with the ALJ's findings. In fact, in her appeal brief, Plaintiff provides no analysis on this issue and provides no references to medical records in the transcript that might support her claim. In his opinion, the ALJ determined Plaintiff had the following mental RFC:

> [A] fair ability to follow work rules; fair ability to relate to coworkers; fair ability to deal with the public; fair ability to use judgment; fair ability to interact with supervisors; fair ability to deal with stresses; fair ability to function independently; fair ability to maintain attention/concentration; poor ability to understand, remember, and carry out complex job instructions; fair ability to understand, remember, and carry out detailed but not complex job instructions; good ability to understand, remember, and carry out simple job instructions; fair ability to maintain personal appearance; fair ability to behave in an emotionally stable manner; fair ability to relate predictably in social situations; and fair ability to demonstrate reliability.

(Tr. 14, Finding 5).

After reviewing the transcript, this Court finds the Plaintiff's medical records do not establish that she suffers from a disabling mental impairment. On April 9, 2004, Dr. David Mathis, D.O. conducted a comprehensive psychiatric evaluation of Plaintiff. (Tr. 206-209). Dr. Mathis found Plaintiff suffered from no disabling mental impairments. (Tr. 206-209). Specifically, Dr. Mathis noted, "From a psychiatric standpoint, I believe that the claimant would be able to maintain regular attendance in the workplace, would be able to complete a normal workday or workweek without interruptions, and would be able to handle the usual stress encountered in work." (Tr. 209). On May 16, 2006, Dr. Alice A. Abbott, Psy.D. also evaluated Plaintiff's mental limitations, and she found that Plaintiff suffered from more severe limitations. (Tr. 458-464). Dr. Abbott noted, however, that Plaintiff's effort level during these tests was very low, and she found that Plaintiff's "performance suggests the likelihood that results of other clinic and psychometric data from this session may be invalid." (Tr. 460). Therefore, the ALJ was not required to accept the findings fo Dr. Abbott.

12

Furthermore, because Plaintiff has offered no references to medical records in the transcript supporting her claimed limitations and because the ALJ's mental RFC determination is supported by substantial evidence in the record (including the findings of Dr. Mathis), this Court affirms the ALJ's mental RFC determination.

### B. ALJ's Step Four Determination

Plaintiff also claims that the ALJ's Step Four determination is not supported by substantial evidence and that Plaintiff does not retain the RFC to perform her PRW as a receptionist. (Doc. No. 5, Pages 1-5). Plaintiff does not provide further analysis or argument in support of this claim. *See id.* In response, Defendant argues that the ALJ's Step Four determination is supported by substantial evidence and that the ALJ properly relied upon the testimony of the VE in his determination that Plaintiff retained the ability to perform her PRW. (Doc. No. 6, Pages 16-17).

In the present action, the VE testified that a hypothetical person with Plaintiff's RFC could perform Plaintiff's PRW as a receptionist. (Tr. 511-512). The ALJ relied upon the VE's testimony in determining that Plaintiff retains the ability to perform her PRW. (Tr. 18, Finding 6). As outlined above, the ALJ's RFC determination is supported by substantial evidence in the record. Because this RFC determination is supported by substantial evidence in the record, the ALJ's hypothetical to the VE, which was based upon his RFC determination, was also proper.

A VE's response to a properly-phrased hypothetical provides substantial evidence supporting an ALJ's finding at Step Four that a Plaintiff is not disabled. *See Depover v. Barnhart,* 349 F.3d 563, 568 (8th Cir. 2003) (finding that the vocational expert's response to a properly phrased hypothetical question can provide substantial evidence to support the ALJ's finding that the claimant could return to his past relevant work). Accordingly, because the VE testified, in response to a

properly-phrased hypothetical, that Plaintiff could return to her PRW as a receptionist, the ALJ's Step Four determination is also supported by substantial evidence and should be affirmed.  *See id.*

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **23rd day of July, 2008.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE